Good morning, Your Honors. Martha Simon on behalf of Pacific Gas and Electric Company, the appellee. Apparently the appellant is not present in court. You have 15 minutes. All right. Up to 15 minutes. I don't think I'll actually need 15 minutes in the case. As Your Honors, I'm sure are quite well aware we're dealing with an appellant who has been a vexatious litigant in the bankruptcy courts. She's filed some 25 cases including her husband's cases over the past 10 years. There were 14 cases filed within the seven years of the 2017 case that was filed. She filed her most recent Chapter 13 case on September 25th, 26, 2017. It was a skeletal filing. The court, pursuant to its normal rules, issued an order documents within 14 days. She filed a request to extend that stay, to extend the time period for two weeks, and Judge Lafferty issued an order granting an extension to file of one week, and in that extension order stated that the extension was actually to October 12th. I'll get to that issue a bit later. That was short of the week, right? It was actually short of a week. An the documents were eventually filed on October 17th, the same day that the case was dismissed. The debtor moved to vacate the dismissal and she has appealed two orders. One, the order denying the motion to vacate the dismissal, and also an order which precluded her from filing another case for one year. I'd like to quickly... Well, the one year has expired now, hasn't it? That's correct. It expired on November 15th. We can't move back in time, so... This seems in its mood at this point, and in addition, there was no reference to the bar in her opening brief in any event, so I would assume the court would not be particularly interested in addressing that. So unless you have specific questions with regard to the bar, I will proceed. So the only issue before us is the actual dismissal of the case. That we could undo. Correct. However, she has appealed two separate orders. Yes. One was the order granting PG&E's request for a one-year bar, and the other was the order denying her motion to vacate the dismissal. Do you know whether she's filed again since the bar expired? Not to my knowledge, but it certainly wouldn't be surprising to me if she did march into the bankruptcy court. She is currently in litigation also with the CPUC and in the U.S. District Court against PG&E. So you're taking the unreasonable position that 14 prior cases does not justify a dismissal of the case for bad faith? The prior cases clearly justify dismissal of the case for bad faith. There's no issue there. The court was quite clear in talking about the serial and abusive filings in the past. The glitch in the case is when Judge Lafferty, following remand from the BAP, re-looked at the case. Basically, let me just quickly go through the procedural background, what happened. I think we're familiar with the mismatch in the dates on the extension. Right. So we're familiar with that. All right. So I won't go into that in detail. What was key about the mismatch was that the appellant claimed that because Columbus Day came in the middle, she, therefore, had an extra day. There's certainly no authority for that. So under the most liberal reading of the order, meaning that if the order had actually said, okay, you have an extension until October 16th, the debtor did not comply with that. She filed her documents on the 17th. She has, in all of her many cases, asked for extensions. These cases have been dismissed as a result of her failures to comply with court orders. I don't want to use the expression that it's a no-brainer, but it certainly seems that in the event, as Judge Lafferty said, that the case had not been dismissed as a result of her failure to file documents, it would have been dismissed in any event in view of PG&E's request and motion to dismiss the case, which had been filed on October 5th. PG&E had filed the appellee. We had filed a motion to dismiss the case for a bar, to future filings, and for sanctions. The Chapter 13 trustee also filed a motion and also requested a bar. Appellee had requested a bar of 10 years based on other precedent. Judge Lafferty was quite conservative and granted the one-year bar that was requested by the Chapter 13 trustee and did not order sanctions in the case. I would suggest that the appellant's failure to appear in court today is just one more abuse of the system requiring appellee to argue the matter, to brief the matter, and to continue to expend funds when she fails to pursue her cases. She has failed to make any payment to PG&E for quite some time. She has no power to her house at this time because she owes approximately $18,000 and has for some time and fails to pay. Well, we did authorize, allow her to submit on the briefs if she was unable to appear because she did file a very late request for an extension of time. So I think our order said that if she doesn't appear, she could submit on the briefs today. I understand that. And my understanding is that the court also allowed her to show evidence that she had paid for a transfer, transcript, to the best of my knowledge. There's been no, nothing filed in that regard. I'm happy to answer any questions. I think the matter here is rather straightforward. We'd like to thank you for your arguments here today. I think we understand the issues in this case. Thank you very much. Thank you very much. The matter has been deemed submitted and we'll issue an opinion. Please call the next case.
judges: Kurtz, Faris, Brand